UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

August 21, 2013

No. 12-1486

UNITED STATES OF AMERICA

v.

TERRELL DAVIS,
Appellant

(E.D. Pa. No. 2-11-cr-00227-003)

Present: McKEE, Chief Judge, SMITH and GREENAWAY, JR., Circuit Judges

Motion by Appellee to Clarify Opinion filed August 9, 2013.

Respectfully,
Clerk/arl

_____ORDER_____

After consideration of the foregoing Motion, it is hereby ORDERED that the opinion filed on August 9, 2013, is AMENDED as follows: The following language, which appears on page 15,

> For starters, the prior-acts evidence must be relevant to a proper purpose, and it must be relevant in a way that avoids any propensity inference. *See United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).

is amended to read,

> For starters, the prior-acts evidence must be relevant to a proper purpose, and it must be relevant without requiring the factfinder to make a propensity inference. *See United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992) ("If the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed drug offenses before, he therefore is more likely to have committed this one.").

By the Court:

/s/ D. Brooks Smith
Circuit Judge

DATED: August 29, 2013

Appeal No. 12-1486
USA v. Terrell Davis
Page 2


DWB/cc:
       Andrew J. Schell, Esq.
       Christopher G. Furlong, Esq.